DYER LAW GROUP, PLLC
PHILLIP W. DYER (4315)
CAREY A. SEAGER (9463)
*Attorneys for Defendants Deborah Lamoreaux,*
*Staci Jeffries, and D&S Insurance Services LLC*
221 Kearns Building
136 South Main Street
Salt Lake City, Utah  84101
(801) 363-5000
phil@dyerlawgroup.com
carey@dyerlawgroup.com

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) ) | ANSWER TO COMPLAINT |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DEBORAH LAMOREAUX; STACI JEFFRIES; D & S INSURANCE SERVICES LLC, | ) ) ) ) | Civil No. 2:14-cv-00335-BCW |
| | ) ) | Magistrate Judge Brooklyn C. Wells |
| Defendants. | ) ) | |

COMES NOW Defendants Deborah Lamoreaux ("Lamoreaux"), Staci Jeffries

("Jeffries") and D & S Insurance Services, LLC (herein jointly, collectively, and individually

referred to herein as "Defendant(s)") by and through their undersigned counsel, and respond to

Plaintiff's Complaint as follows:

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### **NATURE OF THE ACTION**

1.      Denied.

2.      Denied.

1

3.      Denied.

4.      Denied.

5.      Denied.  Defendants affirmatively allege that Lamoreaux and Jeffries resigned their employment on December 28, 2012, such that the one year non-solicitation/noncompetition clause contained in ¶ 7 of the alleged Confidentiality and Non-Competition Agreement ("Agreement") is ineffective to restrain any alleged solicitation/competition.

6.      Denied.

7.      Denied.

8.      Denied.

**THE PARTIES**

9.      Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 9 and therefore deny the same.

10.     Admit.

11.     Admit.

12.     Defendants admit Lamoreaux and Jeffries are the sole members of D&S Insurance, a Utah Limited Liability Company, but otherwise deny the remaining allegations contained in paragraph 12.

**RELEVANT PERSONS AND ENTITIES**

13.     Defendants admit that Steven C. Gardner Agency Inc. is a Utah corporation doing business in Salt Lake County, as of January 22, 2013, Meidelll-Gardner Agy registered as a DBA of Steven C. Gardner Agency Inc., but otherwise deny the remaining allegations set forth in paragraph 13.

2

14.     Admit that through December 28, 2012, Defendants Lamoreaux and Jeffries were employed by Steven C. Gardner, but otherwise deny the remaining allegations contained in paragraph 14.  Defendants affirmatively allege that they have not been paid their last two (2) week salary/wages, commission/bonus and unused vacation due incident to their employment with Gardner earned in December of 2012.

15.     Admit.

16.     Admit that Pacific Crest is a business doing business in Salt Lake County, Utah, but otherwise denies the remaining allegations contained in paragraph 16.

## JURISDICTION AND VENUE

17.     Denied.

18.     Admit.

19.     Defendants admit the alleged events occurred in Utah, but otherwise denies the remaining allegations contained in paragraph 19.

## BACKGROUND

**Allstate's Business and Hiring of Independent Agents**

20.     Defendants admit that Allstate sells automotive insurance, property and casualty insurance and life insurance to individuals and businesses, but otherwise denies the remaining allegations contained in paragraph 20.

21.     Admit.

22.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 22 and therefore deny the same.

23.     Denied.  These answering Defendants have insufficient information so as to admit

3

or deny the allegations contained in paragraph 23 and therefore deny the same.

24.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 24 and therefore deny the same.

25.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 25 and therefore deny the same.

26.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 26 and therefore deny the same.

27.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 27 and therefore deny the same.

28.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 28 and therefore deny the same.

**Protection of Allstate Confidential Information**

29.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 29 and therefore deny the same.

30.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 30 and therefore deny the same.

31.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 31 of Plaintiff's Complaint.

32.     Denied.

**Gardner Enters into an EA Agreement and hires Lamoreaux and Jeffries**

33.     Denied.  These answering Defendants have insufficient information so as to admit or deny the allegations contained in paragraph 33 and therefore deny the same.

34.     Admit.

35.     Admit.

36.     Defendants admit Lamoreaux was the office manager of Meidell Agency and had worked for Meidell for ten (10) years prior to March of 2012, but otherwise denies the remaining allegations contained in paragraph 36.   Defendants affirmatively allege that under Utah law, an employee has the prerogative to use his/her general knowledge, experience, memory and skill, however gained.  In addition, information that is either publicly known, within the trade, and/or readily ascertainable by proper means is not confidential and/or trade secret.

37.     Defendants admit Lamoreaux was the office manager of Meidell Agency, and had worked for Meidell for ten (10) years prior to March of 2012, but otherwise denies the remaining allegations contained in paragraph 37.

38.     Admit.

39.     Denied.  These answering Defendants have insufficient information to admit or deny the allegations contained in paragraph 39 and therefore deny the same.

40.     Admit.

41.     Admit.

**Lamoreaux Agreement**

42.     Denied.

43.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 43 of Plaintiff's Complaint.  Defendants admit that incident to their employment, Defendants were granted access to information to handle Allstate customer's needs, but otherwise deny the allegations contained in paragraph 43.  Specifically, Defendants deny that the information was confidential.  Defendants affirmatively allege that under Utah law, an employee has the prerogative to use his/her general knowledge, experience, memory and skill,

however gained.  In addition, information that is either publicly known, within the trade, and/or readily ascertainable by proper means is not confidential and/or trade secret.

44.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 44 of Plaintiff's Complaint. Specifically, Defendants deny that the information was confidential.

45.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 45 of Plaintiff's Complaint.  Defendants affirmatively allege that under Utah law, an employee has the prerogative to use his/her general knowledge, experience, memory and skill, however gained.  In addition, information that is either publicly known, within the trade, and/or readily ascertainable by proper means is not confidential.

46.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 46 of Plaintiff's Complaint.

47.     Denied.  Defendants affirmatively allege that the longstanding common/routine practice of handling customer referrals involved trying to find a place for the customer with another agent when the customer no longer met Allstate's guidelines or when the customer was dissatisfied with the rates/discounts offered by Allstate.  Defendants did not receive any training or instruction to the contrary.  In fact, Gardner reiterated to Lamoreaux that she should continue to do business the same as the predecessor Mark Meidell agency.

48.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 48 of Plaintiff's Complaint.  Specifically, Defendants affirmatively allege that the Agreement at  ¶ 7 contains a condition precedent that has not been met, to-wit:  "For a period of one year following the termination of Service Provider's employment by Agent, Service Provider agrees not to solicit the purchase of products or services in competition with those sold by the

6

company: …"

49.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 49 of Plaintiff's Complaint.

**50.**     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 50 of Plaintiff's Complaint.

**Jeffries Agreement**

51.     Denied.

52.     Defendants admit that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 52 of Plaintiff's Complaint to the extent that the allegations may be inconsistent with said Agreement.  Defendants admit that incident to their employment, Defendants were granted access to information to handle Allstate customer's needs, but otherwise deny the allegations contained in paragraph 52.  Specifically, Defendants deny that the information was confidential.  Defendants affirmatively allege that under Utah law, an employee has the prerogative to use his/her general knowledge, experience, memory and skill, however gained.  In addition, information that is either publicly known, within the trade, and/or readily ascertainable by proper means is not confidential and/or trade secret.

53.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 53 of Plaintiff's Complaint. Specifically, Defendants deny that the information was confidential.   Defendants affirmatively allege that under Utah law, an employee has the prerogative to use his/her general knowledge, experience, memory and skill, however gained.  In addition, information that is either publicly known, within the trade, and/or readily ascertainable by proper means is not confidential.

54.     Defendants aver that the alleged Agreement speaks for itself and therefore denies

the allegations contained in ¶ 54 of Plaintiff's Complaint.  Defendants affirmatively allege that under Utah law, an employee has the prerogative to use his/her general knowledge, experience, memory and skill, however gained.  In addition, information that is either publicly known, within the trade, and/or readily ascertainable by proper means is not confidential.

55.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 55 of Plaintiff's Complaint.

56.     Denied.  Defendants affirmatively allege that the longstanding common/routine practice of handling customer referrals involved trying to find a place for the customer with another agent when the customer no longer met Allstate's guidelines or when the customer was dissatisfied with the rates/discounts offered by Allstate.  Defendants did not receive any training or instruction to the contrary.  In fact, Gardner reiterated to Lamoreaux that she should continue to do business the same as the predecessor Mark Meidell agency.

57.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 57 of Plaintiff's Complaint.  Specifically, Defendants affirmatively allege that the Agreement at  ¶ 7 contains a condition precedent that has not been met, to-wit:  "For a period of one year following the termination of Service Provider's employment by Agent, Service Provider agrees not to solicit the purchase of products or services in competition with those sold by the company: …"

58.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 58 of Plaintiff's Complaint.

**59.**     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 59 of Plaintiff's Complaint.

**Lamoreaux and Jeffries begin illegally competing with Allstate**

60.     Admit.

61.     Defendants admit that they were appointed to sell insurance on behalf of Allstate, but otherwise denies the allegations contained in ¶ 61.  Specifically, Defendant's appointment was prior to the execution of the alleged Agreements.

62.     Denied.

63.     Denied.

64.     Defendants affirmatively allege the allegations in paragraph 64 constitute legal conclusions to which no response is due but, to the extent a response may be required, Defendants deny the same.

65.     Denied.  Defendants affirmatively alleges that Jeffries became appointed to sell insurance with Pacific Crest on January 4, 2013, after she resigned her employment with Gardner and terminated her relationship with Allstate.

66.     Denied.   Jeffries did not sell any other insurance than Allstate while employed with Gardner.

67.     Denied.  Defendants did not sell any other insurance than Allstate while employed with Gardner.

68.     Denied.  Defendants did not sell any other insurance than Allstate while employed with Gardner.   Defendants affirmatively allege that the longstanding common/routine practice of handling customer referrals involved trying to find a place for the customer with another agent when the customer no longer met Allstate's guidelines or when the customer was dissatisfied with the rates/discounts offered by Allstate.  Defendants did not receive any training or instruction to the contrary.  In fact, Gardner reiterated to Lamoreaux that she should continue to

9

do business the same as the predecessor agency with Mark Meidell.

69.     Denied.  Defendants affirmatively allege that the longstanding common/routine practice of handling insurance customer referrals involved trying to find a place for the customer with another agent when the customer no longer met Allstate's guidelines or when the customer was dissatisfied with the rates/discounts offered by Allstate.  Defendants did not receive any training or instruction to the contrary.  In fact, Gardner reiterated to Lamoreaux that she should continue to do business the same as the predecessor agency with Mark Meidell.

70.     Denied.

71.     Denied.

**Lamoreaux and Jeffries terminate their employment with the Gardner Agency**

72.     Defendants admit that Jeffries and Lamoreaux voluntarily resigned their employment with Gardner on December 28, 2012, effective immediately, but otherwise deny the remaining allegations set forth in paragraph 72.

**D & S**

73.     Denied.

74.     Denied.

75.     Admit.

76.     Admit.

77.     Defendants admit that Lamoreaux and Jeffries formed D&S Insurance to sell insurance, but otherwise deny the remaining allegations set forth in paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied.

10

81.     Denied.   Defendants affirmatively allege that the non-solicitation/noncompetition contained in ¶7 did not arise because their employment was not "terminated by Agent."

82.     Denied.

83.     Denied.

**Irreparable Harm to Allstate**

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

**COUNT I**

**(Breach of Contract – Jeffries)**

90.     Defendants re-allege and incorporate herein by this reference, its affirmative defenses, responses and averments as set forth in paragraphs 1 – 89 hereinabove.

91.     Denied.

92.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 92 of Plaintiff's Complaint.

93.     Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 93 of Plaintiff's Complaint.

94.      Denied.   Defendants affirmatively allege that the non-solicitation clause in ¶ 7 did not arise because their employment was not "terminated by Agent."

95.     Defendants aver that the alleged Agreement speaks for itself and therefore denies

11

the allegations contained in ¶ 95 of Plaintiff's Complaint.

    96.    Denied.

    97.    Denied.

    98.    Denied.

    99.    Denied.

    100.    Denied.

    101.    Denied.

    102.    Denied.

    103.    Denied.

    104.    Denied.

## COUNT II

### (Breach of Contract – Lamoreaux)

    105.    Defendants re-allege and incorporate herein by this reference, its affirmative defenses, responses and averments as set forth in paragraphs 1 – 104 hereinabove.

    106.    Denied.

    107.    Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 107 of Plaintiff's Complaint.

    108.    Defendants aver that the alleged Agreement speaks for itself and therefore denies the allegations contained in ¶ 108 of Plaintiff's Complaint.

    109.    Denied.   Defendants affirmatively allege that the non-solicitation/noncompetition clause in ¶ 7 did not arise because their employment was not "terminated by Agent."

    110.    Denied.   Defendants affirmatively allege that the non-solicitation/noncompetition clause in ¶ 7 did not arise because their employment was not "terminated by Agent."

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

## COUNT III

**(Misappropriation of Trade Secrets and Confidential Information – All Defendants)**

120.    Defendants re-allege and incorporate herein by this reference, its affirmative defenses, responses and averments as set forth in paragraphs 1 – 119 hereinabove.

121.    Defendants admit that incident to their employment with Gardner, Jeffries was granted access to some information to handle Allstate customer's needs, but otherwise deny the allegations contained in paragraph 121.  Specifically, Defendants deny that the information was confidential or otherwise a trade secret.

122.    Defendants admit that incident to their employment, Defendants were granted access to some information to handle Allstate customer's needs, but otherwise deny the allegations contained in paragraph 122.  Specifically, Defendants deny that the information was confidential or otherwise a trade secret.

123.    Defendants admit that incident to their employment, Lamoreaux were granted access to information to handle Allstate customer's needs, but otherwise deny the allegations

contained in paragraph 123.  Specifically, Defendants deny that the information was confidential or otherwise a trade secret.

124.    Defendants admit that incident to their employment, Defendants were granted access to information to handle Allstate customer's needs, but otherwise deny the allegations contained in paragraph 124.  Specifically, Defendants deny that the information was confidential or otherwise a trade secret.

125.    Denied.

126.    Denied.  These answering Defendants have insufficient information to admit or deny the allegations contained in paragraph 126 and therefore deny the same.

127.    Denied.

128.    Defendants admit that the quoted portion of the UTSA speaks for itself and therefore denies the allegations contained in ¶ 128 of Plaintiff's Complaint to the extent that the allegations may be inconsistent with the UTSA.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

## COUNT IV

### (Tortious Interference – D&S)

135.    Defendants re-allege and incorporate herein by this reference, its affirmative defenses, responses and averments as set forth in paragraphs 1 – 134 hereinabove.

14

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the filing of the Complaint in this matter after the expiration of the one year non-competition agreement on December 28, 2013.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Fourth Cause of Action, Tortious Interference is preempted by the Utah Trade Secrets Act ("UTSA") at Utah Code Ann. § 13-24-8 expressly preempting state law remedies. The Utah Court of Appeals in <u>CDC Restoration and Construction, LLC v. Tradesmen and Contractors LLC</u>, 2012 UT App 60, ¶45, 274 P.3d 317, held that all alternative causes of actions for alleged theft or misuse of confidential or otherwise secret information including those, falling short of trade secret status, are preempted by the UTSA, because the UTSA provides the "sole noncontractual civil remedy for misappropriation of a trade secret." <u>Id.</u>

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, under the abstention doctrine by virtue of the pending litigation in Utah State Court in the matter of Steven C. Gardner Agency Ins., and dba Meidell-Gardner Agy v. Deborah Lamoreaux, Staci Jeffries, D&S Insurance Services LLC, and Does 1-5, case no. 130401028, whereby Gardner is alleging the same/similar claims against Defendants.  Under the well-established abstention doctrine, federal courts have the power to refrain from hearing cases which are duplicative of a pending state proceeding.  See, Quackenbush, 517 U.S. at 716–17, 116 S.Ct. 1712;  D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.  705 F.3d 1223 (10th Cir. App. Utah 2013).  The avoidance of duplicative litigation, is at the core of the Colorado River doctrine, comes into play where parallel litigation is being carried out, particularly where federal and state court proceedings are simultaneously being carried out to determine the rights of parties with respect to the same questions of law.  Under such circumstances, it makes little sense for two courts to expend the time and effort to achieve a resolution of the question.  See,  Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred/extinguished in whole, or in part, to due to the alleged non-compete agreement being unenforceable because: i) the Defendants were engaged in a common calling; ii) the alleged non-compete agreement is unreasonable in scope and duration; iii) the failure of consideration; iv) an employee has the prerogative to use his/her general knowledge, experience, memory and skill, however gained; and/or v) information that is either publicly known, within the trade, and/or readily ascertainable by proper means is not confidential and/or

trade secret.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrines of estoppel, unclean hands, laches and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred by virtue of a failure of consideration necessarily underpinning the alleged Agreement(s).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred/extinguished, in whole or in part, due to Steven C. Gardner's fraudulent, material and/or intentional misrepresentations by which he induced Defendants to enter into employment and/or the alleged Agreement(s) thereby voiding the alleged Agreement(s).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred/extinguished, in whole or in part, because the damages caused by the Plaintiff to Defendants exceed the amount of Plaintiff's claims and are therefore precluded by the doctrine of offset.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred/extinguished, in whole or in part, by Plaintiff's negligent misrepresentations to Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred in whole, or in part, by virtue of Plaintiff's failure to

mitigate its damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred on the grounds that any alleged wrongful acts or breaches by Defendants were not the proximate cause of any of Plaintiff's alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Claims are barred, in whole or in part, based upon the intervening fault of Plaintiff or others for whom/which Defendants bears no liability or responsibility.

**WHEREFORE**, Defendants having fully answered the allegations contained in the Plaintiff's Complaint, pray that the same be dismissed with prejudice and Defendants be awarded their reasonable attorney's fees and costs incurred herein under Utah Code Ann. § 78B-5-826.

DATED this 21st day of July, 2014.

Respectfully submitted,

DYER LAW GROUP, PLLC

/s/ Carey A. Seager
Phillip W. Dyer, Esq.
Carey A. Seager, Esq.
*Attorneys for Defendants*

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 21ˢᵗ day of July, 2014, a true and correct copy of the

foregoing **ANSWER TO COMPLAINT** was served by the method indicated below, to the

following:

| | | |
|---|---|---|
| George W. Burbidge II (Utah Bar No. 6503) | (X) | Electronic Cm/ECF Notification |
| Christensen & Jensen, P.C. | ( ) | U.S. Mail, Postage Prepaid |
| 15 West South Temple, Suite 800 | ( ) | Hand Delivered |
| Salt Lake City, Utah 84101 | ( ) | Overnight Mail |
| george.burbidge@chrisjen.com | ( ) | Facsimile |
| *Attorneys for Plaintiff Allstate Insurance Company* | | |

| | | |
|---|---|---|
| J. Scott Humphrey | (X) | Electronic Cm/ECF Notification |
| Ashley K. Laken | ( ) | U.S. Mail, Postage Prepaid |
| Seyfarth Shaw LLP | ( ) | Hand Delivered |
| 131 S. Dearborn Street, Suite 2400 | ( ) | Overnight Mail |
| Chicago, Illinois 60603 | ( ) | Facsimile |
| shumphrey@seyfarth.com | | |
| alaken@seyfarth.com | | |
| *Attorneys for Plaintiff Allstate Insurance Company* | | |

/s/ Sonya C. Serassio

Sonya C. Serassio

19